FILED by ___ D.C.

ELECTRONIC

**Mar. 13, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**United States District Court**

**For the Southern District of Florida**

**Case No.** ## 12-CV-80283-HURLEY / HOPKINS

_____

Richard  Strother

and

T3 Vistas, LLC,

Plaintiffs


v..


Hylas  Yachts, Inc.,

Kyle Jackney,

Richard  Jackney ,

National Grand Bank of Marblehead,

and

John Does 1-10,

Defendants

_____  /


## COMPLAINT


Plaintiff Richard Strother and Plaintiff T3 Vistas, LLC ("Plaintiffs") brings this Complaint for Breach of Contract and Fraud against Hylas Yachts, Kyle Jackney , Richard Jackney, National Grand Bank of Marblehead and John Does 1-10 ("Defendants") and states the following:

## JURISDICTION AND VENUE

This Court enjoys subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

This Court enjoys personal jurisdiction over the Defendants because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in the Southern District of Florida, and the Plaintiffs were and remain residents of Florida.

This Court enjoys in rem jurisdiction because the property is a hull and equipment which is security to Plaintiffs' claim, and which has been located in the Southern District of Florida, since November, 2009.

This Court enjoys venue under 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in the Southern District of Florida, including the representations of Defendants, the signing of the Sales Agreement, and personal meetings between Plaintiff Richard Strother and Defendants Richard and Kyle Jackney .

## PARTIES

Plaintiffs are Richard Strother, an individual, and a wholly owned LLC of Richard Strother: T3 Vistas, LLC, filed as a "disregarded entity". Both Plaintiffs are domiciled Florida. Defendants are (1) Hylas Yachts, Inc., a Massachusetts Corporation; (2) Richard Jackney, who is a Director, President, Secretary and Treasurer of Hylas Yachts, and resides in Massachusetts and on information and on belief is an alter ego of Hylas Yachts, Inc.; (3) Kyle Jackney is Richard Jack ney's son, who purports to be an officer of Hylas Yachts, Inc., and also resides in Massachusetts; (4) National Grand Bank of Marblehead, on information and belief, is a Massachusetts Bank, and is Hylas's bank and commercial Lender, which received payments from Plaintiffs. John Does 1-10 are as yet unidentified.

## FACTS

1.On August 1, 2008, T3 Vistas, LLC, a wholly owned LLC of Richard Strother entered into a contract to purchase from Hylas Yachts, Inc one Twin Wheel Design Hylas 70 Sailing Yacht known as Hull # 7 ("the Sales Agreement") for a base purchase price of $1,630,000 (" Exhibit 1" hereto)

2. Pursuant to said Agreement, Plaintiffs  paid  to Hylas or its designees, including National Grand Bank of Marblehead, the amount of  $320,000 (a sum equal to 20% of the purchase price of Hull # 7).

3. Pursuant to paragraph 7 of said Agreement, a security interest of $320,000 vested to Plaintiffs upon payment. Pursuant to paragraph 7 thereof, Hylas promised to file a UCC-1 financing statement  to secure Plantiffs'  interest in Hull # 7, which Hylas negligently or intentionally failed to do.

4. Prior to August 1, 2008, Hylas Yachts Inc. and/or it's agents represented that the remaining 80% of the purchase price of Hull # 7 would be readily available by means of a Preferred First Ship Mortgage to anyone with a FICO or Credit Score above 670, thus inducing Plaintiffs into executing the Sales Agreement.

5. Between August 8, 2008 and November 2, 2009, Plaintiffs installed $ 14,651 of electronic equipment into  Hull # 7, and paid to Hylas an additional $9,793.39 for 2 Simpson Cobra Davits plus $314.16 in related import duties to be attached to Hull # 7 for dingy hauling .

6. On or about late October, 2009, Hull # 7 was delivered from Taiwan to the East Coast of the USA. It became apparent that the 80% Preferred First Ship Mortgage financing promised to Plaintiffs was not available.  No Closing Date was set.

7. On or about November 2, 2009, Hylas Yachts, Inc. through its officer Kyle Jackney (hereinafter referred to as "Hylas") induced Plaintiff to deposit an additional $125,000 representing that such sum would enable the commissioning of Hull # 7 as a completed sailing

yacht which would enable said Hull # 7 to be listed on a multiple listing service available by internet to the world of Yacht Brokers and Yacht Buyers and thereby more easily sold at the highest possible price. (" Exhibit 2" hereto)

8. In order to induce such additional payments, Hylas represented that the $125,000 would be repaid upon sale of a fully rigged Hull # 7, and Plaintiff would recoup at least $100,000 of the original deposit. (" Exhibit 2" hereto)

9. Plaintiffs relied on Hylas promise and  paid the additional $125,000, whereby Plaintiffs claim an additional $125,000 security interest in Hull # 7 vested to Plaintiffs. The amount was used, inter alia, to purchase on  Plaintiffs' behalf a Forespar Rig and Liesurefurl Boom, Navtec Rod Rigging, a Harken Hydraulic Commander System, and Selden Hydraulic Furlers. ("Exhibit 2" hereto)

10. Contrary to the purpose of said additional $125,000 payment by Plaintiffs, Hylas breached the agreement and never commissioned  Hull # 7 and furthermore never listed Hull # 7 on a multiple listing service available by internet to the world of Yacht Brokers and Yacht Buyers.

11. On Information and Belief, Hylas did not commission  Hull # 7 and never listed Hull # 7 on a multiple listing service available by internet to the world of Yacht Brokers and Yacht Buyers because Hull # 7 had a base price of only $1,630,00 and Hylas had signed new contracts for Hull # 8 at a higher Base Price of $1,945,000; Hull # 9 at $1,995,000, Hull # 10 at $2,020,000, and was negotiating for Hull # 11 at a Base Price of $2,245,000. (" Exhibit 3" hereto)

12. On Information and Belief, Hylas did not commission  Hull # 7 and never listed Hull # 7 on a multiple listing service available by internet to the world of Yacht Brokers and Yacht Buyers because it wanted to protect it's rising  price points on the New Hylas 70's and the listing and sale of a fully commissioned Hylas Hull # 7 would hurt Hlyas's rising  price points and possibly lose a sale of Hull # 11 or 12 or 13 at the much higher prices they were negotiating.

13. In other words, on information and belief, they deceived Plaintiffs in order to keep the extra inventory of the Hylas Twin Wheel Hull # 7 off the market and unknown to the Yacht Brokerage community.

14. On or about February,2012 Plaintiff learned that Hull # 7 had been rigged with Plaintiffs' paid for rigging and was being "quietly" to be sold at a steep discount to the new Hylas 70's, with no notice to Plaintiffs, who were entitled to be lien holders.

15. On or about February, 8, 2012, Plaintiffs sent Notice of Senior Lien and Intent to Arrest Hull # 7 to all Plaintiffs and the Yacht Broker by fax, e-mail, and regular mail, return receipt requested (" Exhibit 4" hereto)

16. On or about February, 24,  2012, Plaintiffs' Attorney sent Defendants and the Yacht Broker and the Presumed New Buyer UCC-1 financing statements filed on behalf  which Hylas negligently or intentional failed to file, even though paragraph 7 of the Sale Agreement expressly required Hylas to do so. (" Exhibit 5" hereto).

17. Thereafter,  Plaintiffs' Attorney amended and again sent to Defendants and Broker and the Presumed Buyer UCC-1 financing statements which Hylas negligently or intentional failed to file, even though paragraph 7 of the Sale Agreement expressly required Hylas so to do. (" Exhibit 5" hereto)

18. In spite of notice, Defendant Hylas's  silence has been thundering. On information and belief, Defendants have conspired and will try to remove Hylas Hull # 7 from US Territorial waters, sell Hull # 7, commission or flag Hull #7 as a Marshall Islands registered vessel, owned by an offshore company that may have bearer shares whose ownership will become untraceable, thus conspiring and attempting to deprive Plaintiff of his security interest and/or proceeds from the sale to satisfy Plaintiffs'  lien.

19. As such, Plaintiffs will suffer immediate and irreparable harm as Defendants abscond with Plaintiffs' collateral and the proceeds from the sale of such collateral.

## Count I- Breach of Contract
### Against HylasYachts,Inc, Kyle Jackney and Richard Jackney,

20. Defendants HylasYachts,Inc, Kyle Jackney and Richard Jackney failed to deliver to Plaintiffs a UCC-1 Statement or Security Interest in Hull #7 in breach of paragraph 7 of the Sales Agreement.

## Count II-Breach of Contract
### Against HylasYachts,Inc, Kyle Jackney and Richard Jackney

21. Defendants HylasYachts,Inc, Kyle Jackney and Richard Jackney failed to deliver to Plaintiffs 80% Financing by means of a Preferred Ship Mortgage in breach of oral agreement to do so.

## Count III- Breach of Contract
### Against HylasYachts,Inc, Kyle Jackney and Richard Jackney

22. Defendants HylasYachts,Inc, Kyle Jackney and Richard Jackney failed to Rig Hull # 7 with Plaintiff's Additional $125,000 and place it on a Multiple Listing Service for Yacht Brokers for the highest possible price, in breach of their agreement to do so.

## Count IV-Conspiracy to Defraud
### Against HylasYachts,Inc, Kyle Jackney, Richard Jackney,
### National Grand Bank of MarbleHead, and John Does 1-10

23. On Information and belief, Defendants HylasYachts,Inc, Kyle Jackney, Richard Jackney, National Grand Bank of MarbleHead, and John Does 1-10 did conspire to defraud Palaintiffs' of their $469,758.55 monies paid towards Hull # 7, and to defeat Plaintiffs' security interest in Hull # 7, and remove Hull # 7 from U.S. legal process.

## Count V-Negligent Infliction of Emotional Distress

24. Defendants HylasYachts,Inc, Kyle Jackney, Richard Jackney, by their actions, negligently inflicted Emotional Distress on Plaintiff Richard Strother.

### Count VI-Intentional Infliction of Emotional Distress

25. Defendants HylasYachts,Inc, Kyle Jackney, Richard Jackney, by their actions, intentionally inflicted Emotional Distress on Plaintiff Richard Strother.

### PRAYER FOR RELIEF

Plaintiffs demand judgment against Defendants, jointly and severally, as follows: (i) for compensatory damages in the amount of $469,758.55 on Counts I, II and III; (ii) additional compensatory damages representing additional amounts spend by Plaintiffs on design, renderings, construction advice, travel to the shipyard in Taiwan in the amount of $100,000 on Count II, (iii) compensatory damages and punitive damages in the amount of $2 million ($2,000,000) on Counts IV, V, and VII; (iv) both pre-judgment and post-judgment interest on all Counts; and, (v) such other further relief as this Court finds just and equitable. Plaintiffs request a jury trial.

**JURY TRIAL**                           Respectfully Submitted,

Richard Strother, Pro Se
340 Royal Poinciana Way- Ste: 317-203
Palm Beach FL 3348
Ph: 561-818-3924
Fx: 561-655-7754
E: Ricstro33@gmail.com

T-3 Vistas, LLC by Richard Strother, Pro Se
340 Royal Poinciana Way- Ste: 317-203
Palm Beach FL 33480
Ph: 561-818-3924
Fx: 561-655-7754
E: Ricstro33@gmail.com

## <u>Appendices</u>

1. Sales Contract DATED August 1, 2008.
2. Email addendum asking Plaintiffs for additional $125,000; and terms thereby.
3. Price Points of New Hylas 70' Yachts, Hulls  #8, 9, 10 & 11.
4. Notice to Defendants of Senior Lien and Intent to Arrest.
5. Notice to Defendants of UCC-1 Filing and UCC Filings.

# EXHIBIT ONE

# *Hylas Yachts, Inc.*

## SALES CONTRACT

**Sold to:**     T3 Vistas, LLC                                    August 1, 2008
                 340 Royal Poinciana Way
                 317-203
                 Palm Beach, FL  33480

### DESCRIPTION

One Hylas 70 Twin Wheel Design, with Shoal Draft                    **$1,630,000**
designed by German Frers, including equipment as listed on the
Specification Sheet, (Exhibit A). Costs of additional options
shall be listed in this agreement as Exhibit B.  Final cost is
delivered and fully commissioned.

> **Total**                                                          **$1,630,000**

> **A 10% deposit of $163,000 shall accompany the                    ($163,000)**
> **Signed Sales Contract and Sales Agreement.  It is**
> **understood that $40,000 of the $163,000 deposit shall**
> **be paid on behalf of Hylas Yachts to Mr. Fran Schwenk**
> **under the terms of the confidentiality agreement**

> **A second deposit of $163,000 is due January 1, 2009             ($163,000)**

> **Resulting balance after all deposits                           $1,304,000**

**SELLER**                              **BUYERS**

Kyle Jachney, Hylas Yachts, Inc.        T3 Vistas, LLC

*P.O. Box 583   Marblehead, Mass  01945*
*Toll Free: (800) 875-5114   Fax: (781) 639-0216*

# *Hylas Yachts, Inc.*

## <u>CONFIDENTIAL SALES AGREEMENT</u>

**THIS CONFIDENTIAL AGREEMENT** made as of August 1, 2008 between HYLAS YACHTS, INC., PO Box 583, Marblehead, Massachusetts 01945 (the "Seller") and T3 Vistas, LLC, 340 Royal Poinciana Way, 317-203, Palm Beach, Florida 33480 (the "Buyer").

**1. Sale and Purchase:** Seller agrees to construct and Buyers agree to purchase one Hylas 70, Twin Wheel, Center Cockpit Deck Design, with Shoal Draft Keel (the "Yacht") designed by German Frers and constructed by Queen Long Marine Co., Ltd., of Kaoshiung, Taiwan, R.O.C. ("Queen Long"). The Yacht shall be built according to the agreed design and construction drawings and hull and deck materials, which have been reviewed with the Buyer. The Buyers have also reviewed a list of standard equipment to be included in the base price of the Yacht. Drawings of the yacht and the amended list of standard equipment will be appended to this Agreement as Exhibit "A". No changes will be made to the design and construction drawings unless by written agreement between the Buyer and the Seller. The Buyers and their representative(s) shall have the right to inspect the Yacht at any time or times during its construction and commissioning.

**2. Base Price:** The base price for the Yacht will be $1,630,000. The base price is F.O.B. Fort Lauderdale, Florida fully commissioned, seaworthy and ready to sail and includes all standard equipment listed in Exhibit "A".

**3. Payment Schedule:**

    a.    An 10% deposit of $163,000 shall accompany the signed Sales Contract and Sales Agreement. It is understood that $123,000 shall be wired to Seller and $40,000 of the $163,000 deposit shall be paid on behalf of Seller to Fran Schwenk by means of a wire transfer to his Attorney's Trust Account, to be held in such Attorney's Trust Account until a signed and notarized Release from Fran Schwenk is received by both Buyer and Seller.

    b.    A second 10% deposit of $163,000 shall due January 1, 2009

    c.    The balance shall be paid upon delivery as defined in Paragraph 8.

    d.    A final payment consisting of all balances due, including all options as outlined in Exhibit B, less any credits due the Buyer, shall be made at the Closing.



*P.O. Box 583   Marblehead, Mass  01945*
*Toll Free: (800) 875-5114   Fax: (781) 639-0216*



**4. Optional Equipment:** Seller and Buyer shall meet periodically after the date hereof to discuss the optional equipment and accessories to be installed by the Seller and its

Subcontractors on the Yacht. An initial list of such equipment shall be developed as soon as possible after the execution of this Agreement (the "Options List") and shall be supplemented and revised thereafter as specified by the Buyer. Said list shall be designated Exhibit "B" and shall be a part of the Agreement and is incorporated herein by reference. All optional equipment specified by Buyer shall be obtained by Seller on Buyer's behalf at the best and lowest cost available.

**5. The Commissioning:** The Yacht shall be commissioned in Fort Lauderdale, Florida and the commissioning is to include all work necessary to install all equipment (standard and optional) and place same in good and proper operating condition.

The Yacht shall be presented to the Buyer for sea trials after commissioning. To the extent the sea trials disclose defects in materials or workmanship or equipment which is not properly installed or is not in good and proper working order, Seller agrees, at its expense, to make all necessary repairs, modifications or replacements so as to present the Yacht to the Buyer at the delivery in completely sound condition with all systems and equipment operating safely and properly.

      a.      Commissioning shall include stepping the mast, deck hardware and rigging,

      b.      Awlgrip painted hull, if ordered, ground tackle with electrical panel operations and all systems listed on Exhibit B, including water maker installation in full function.

      c.      Electronic instruments and all other boat yard ordered equipment shall be installed after commissioning and sea trial is completed.

**6. Titles and Risk of Loss and Damage:** Title shall remain with the Seller until the Yacht is delivered to the Buyer upon final payment. In the event of (i) complete loss of the Yacht, or (ii) damage to the Yacht prior to Delivery (if the damage is of such nature or materiality that it cannot be promptly and adequately repaired so as to place the Yacht or its equipment in as good condition as it would have been but for the damage), the Buyer may in the case of the occurrence of (i) or (ii) above, elect to terminate this Agreement upon written notice to Seller, and all sums theretofore paid by Buyer to Seller (including all payments described in Paragraph 3 above) shall be promptly repaid by Seller to the Buyer. Seller shall deliver such documents of title and other certificates to Buyer at the Delivery as are necessary for the Buyer to register the Yacht for U.S. Coast Guard documentation in Buyers' name or in the name of their designee, free and clear of al liens and encumbrance of any nature whatsoever. Seller agrees to indemnify and hold harmless Buyer from and against any and all claims or causes of action of Seller's



subcontractors, suppliers (including but not limited to Queen Long), or third parties, including costs or attorneys fees incurred by the Buyer in handling or defending such claims or causes of actions.

**7. Buyers' Security Interest in the Yacht:** A security interest in the Yacht, to the extent completed, and a security interest in all work and equipment performed upon or installed in the Yacht or placed on board the Yacht, shall vest in the Buyer for security purposes only to the extent of all payments previously made by the Buyer to the Seller. A security interest in all equipment at the Seller's commissioning shipyard in Fort Lauderdale, Florida and all materials and equipment of the Seller located elsewhere for use in the performance of this agreement, to the extent that the Buyer has paid therefore, shall also be vested in the Buyer for security purposes only; provided , however, that except as may otherwise be provided in the Agreement, the risk of loss or damage to such materials and equipment and the Yacht shall remain with the Seller, and the Buyer shall not be deemed to have waived their rights to require the Seller to replace, with no adjustment to the purchase price, defective, damaged or destroyed workmanship or material, and to deliver the Yacht to the Buyer as provided in their Agreement. The Seller will file the Buyer security interest with the State of Florida and such interest shall be extinguished when title to the Yacht is transferred to the Buyer.

**8. The Delivery & Closing.** Within one week of the yacht's safe delivery to the chosen yard of commissioning, the balance of payment due, less an amount of $100,000 shall be paid to Hylas Yachts, Inc. The final balance of $100,000 shall be due upon Closing when the sea trial is completed and the yacht is fully sound and seaworthy. The Closing shall be held at a time and place mutually agreed upon by Seller and Buyer. In addition to the documents of title and certificates referred to in Paragraph 5 above, Seller shall, at its expense, prepare and deliver to Buyer at the Closing, construction drawings and engineering drawings ("as built drawings") showing the layout of all plumbing, mechanical, electrical and electronic equipment installed on the Yacht (all of which shall be clearly labeled, as well). All equipment manuals and written warranties for all standard and optional equipment included shall be provided by Seller to Buyer.

**9. Warranties and Enforcement:** Seller warrants that the Yacht constructed by Queen Long and delivered to the Buyer will be of excellent quality, of good workmanship and materials, seaworthy and suitable for its intended use of extended ocean cruising. Sellers agrees, for a period of three (3) years after Delivery, to either fix any warranty defects by the factory or reimburse the Buyer for the cost incurred in fixing it. Any defects by the factory for issues that apply to the deck and hull for a period of five (5) years shall be the responsibility of the Seller. Seller further agrees to assign all rights and warranties for standard and optional equipment to the Buyer and to assist the Buyer in asserting and enforcing any warranty claims against equipment manufacturers or suppliers after the Closing should defects in workmanship or materials be identified after delivery of the Yacht to the Buyers.

Hylas Yachts, Inc. warrants to the original purchaser or any subsequent buyer during the time of the Limited Warranty (the Owners), that the boat excluding parts or accessories not installed by Hylas Yachts, Inc. will be free from defects in material and workmanship



for the period of three (3) years from the date of delivery to the original Buyers. In addition, Hylas Yachts, Inc. warrants to the Owners, that the hull and deck structure of the boat will be free from defects in material and workmanship for a period of five (5) years from the earliest of the following events; delivery of the boat to the original Buyers.

**10. Insurance:** The Seller shall arrange for full insurance coverage of the Yacht from its arrival at the chosen yard of commissioning until conveyance of the title to the Buyers at the Closing. The Buyers will arrange for full insurance coverage of the Yacht beginning on the date of the Closing.

**11. Taxes and Import Duties:** Any taxes or import duties imposed by any Federal, State, or Local authority upon the construction or importation of the Yacht shall be paid by the Buyers.

**12. Arbitration:** Any dispute arising under this Agreement which cannot be resolved between the Parties through negotiation shall be settled by a panel of three arbitrators in binding arbitration. The arbitrators shall be chosen and the binding arbitration shall be conducted in accordance with the rules, then obtaining, of the Society of Marine Arbitrators and judgment on the award rendered may be entered in any court possessing jurisdiction; The Arbitrators shall apply the substantive laws, but not the choice of law rules, of the state of Massachusetts and the United States of America. The hearing relating to said arbitration shall be held at a location mutually agreed upon by the Parties or, in the event that the Parties are unable to agree, at a location chosen by a majority of the Arbitrators. In law, in equity or in arbitration, the substantially prevailing party shall be entitled to its costs, including but not limited to reasonable attorney's fee and reasonable expert witness fees.

**13. Governing Law:** This Agreement shall be construed and governed by the laws of the Commonwealth of Massachusetts, without regard to the conflict of laws rules of that State.

**14. Confidentiality**: The Terms of this Agreement may not be disclosed to any third party except to the parties lawyers, accountants, insurers, or taxing authorities without a valid Court order from a Court of Competent Jurisdiction.

**15. Mutual Releases** of Hylas Yachts, Inc. and of T3 Vistas, LLC by Fran Schwenk, Carlos Echeverria, Carlos Yachts and Richard Strother will be provided and incorporated into this agreement.

**16. Entirety: Amendments:** This Agreement shall constitute the entire agreement of the parties with respect to the subject matter hereof and may be amended or modified only by a writing signed by all parties hereto, except with respect to amendments made to the optional equipment list (Exhibit "B") which shall be made on a continuing basis as contemplated by Paragraph 5 above.



**17. Counterparts; Facsimile Signatures.**  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which shall constitute one and the same document.   This Agreement may be executed by facsimile signatures.

**IN WITNESS WHEREOF,** the parties hereto have set their respective hands as of the day and year first above written.


**SELLER**                                    **BUYERS**


_____       _____
Kyle Jachney, Hylas Yachts, Inc.           T3 Vistas, LLC,  by its General Manager

# EXHIBIT TWO



**MAIL** Classic

**Hylas 70**                                                                    Monday, November 2, 2009 3:19 PM

**From:** "Kjachney@aol.com" <Kjachney@aol.com>
   **To:** ricstro33@yahoo.com
   **Cc:** hylas@hylasyachtsusa.com

Rick;

I am sorry that we are having to both deal with this current situation with H70 #7 particularly for Hylas, learning about this just now is going to take some proper planning at this stage. Based on our conversation I am glad to know you would like to make this work and of course do hope that ultimately we will close with you as the owner. As discussed, if you did not think you were going to be able to truly move forward then we will need to know as soon as absolutely possible so we can make a concerted effort to confirm a new buy as soon as possible.

Our focus now is getting the yacht commissioned so that she is in fact a completed sailing yacht either with or without electronics. With that, the immediate issues are the following vendors required to get commissioning started and out of first gear. Below are the list of builders/suppliers and costs which are either immediate or due in the very near future. Each of these have balances due and we will not commit to having the components shipped unless I can confirm that they will receive payment upon receipt of the parts in FL.

Forespar Rig and Leisurefurl Boom. Balance Due of $28,000

Navtec Rod Rigging. Balance Due of $24,000

Harken Hydraulic Commander System. Balance Due upon receipt of the yacht. $22,400

Selden Hydraulic Furlers. Balance Due of $25,700.

Brad Storm. 50% Deposit for commissioning and Running rigging. $20,000

Federal Import Duties due upon yachts delivery.    $15,572.50 Due immediately.

Freight Charges. $70,000 Now Due. Prefer not to add to Line of Credit.

Interest starting November 10th interest will start to accrue at $222/day.

Of these payments above that are due either immediately or with in the next two weeks, only the freight can be rolled into the Line of Credit. Of the vendors, I prefer not to have any of them wait however of these, Selden and Navtec can wait another two, possibly three weeks. Of the amounts needed immediately, the minimum is about $85,000. I would really appreciate if the amount is $125,000 and even with this payment I will be forwarding Brad only $10,000 and not the $20,000 he is due.

Of the funds being forward, these are all fixed expenses which are covered in the approximately 1.55M due on the balance. Based on this recouping your additional monies from this point forward should not be any issue and at a price of 1.7M+ you should be recouping your monies paid both from this point forward along with the chance of a 100K+ of your original deposit. I cannot guarantee anything however I can state in good faith that I will try to market this yacht with the intentions of trying to not only recoup what is due to Hylas but also make every effort within a reasonable timeframe to sell for the higher pricing so that there is a very real possibility of reclaiming some of the earlier deposits already forwarded.

What I need to know is if you want me to actively market this yacht now at this pricing or just put out feelers for

http://us.mc1605.mail.yahoo.com/mc/showMessage?sMid=14&fid=Carlos&filterBy=&ran...   2/8/2012

interest. I also need to know if these initial funds are being forwarded this week and whether it is $85K, $125K *or* the full $200K that would include the freight. (The interest is not including the freight added in at this point.)

As I am sure you know this puts our company in a very difficult situation and so am limited with our own flexibility both from our vendors as well as showing the bank that we are closing this yacht as a 2009 hull and keeping our Line of Credit in good standing.

I am already getting calls from vendors today wanting to confirm both shipping parts and work to be done this week and so I need to finalize with you this next payment so I can make commitments going forward.

I will call you in a few hours to discuss.

All my best,

Kyle

# EXHIBIT THREE

Hylas 70
Mon, October 26, 2009 11:13:14 PM
From: "Kjachney@aol.com"
         <Kjachney@aol.com>
         Add to Contacts
To:    ricstro33@yahoo.com
Cc:    hylas@hylasyachtsusa.com

Rick:

To reconfirm for you, the Sales Agreements for the Hylas 70's subsequent to yours are as follows;

H70 Hull Number 8, Base Price of 1,945,000

H70 Hull Number 9, Base Price of 1,995,000

H70 Hull Number 10, Base Price 2,020,000

H70 Hull Number 11, Under tentative agreement at 2,245,000.

Let me know if you have any additional questions or if you need any additional information.

All my best,

Kyle

# EXHIBIT FOUR

## NOTICE OF SENIOR LIEN
## AND INTENT TO ARREST HYLAS 70' YACHT "VODOO",
## FORMERLY KNOWN AS HYLAS HULL # 7

To: Hylas Yachts, Inc.
P.O. Box 583
Marblehead, MA 01945
Fx: 781-639-0216
e: Hylas@hylasyachtsusa.com

Ted Hood Yachts
One Maritime Drive
Portsmouth, RI 02871
Fx: 401-682-1715
e: administrative@tedhoodyachts.com

And: All other interested parties

Please be advised that T3 Vistas, LLC, and it's owner, Richard Strother, (hereinafter referred to as ("Plaintiff") hereby **NOTICE** all interested parties that Plaintiff claims a Senior Lien on Hylas 70' Yacht "Vodoo", formerly known as Hylas Hull # 7 (or Hull #07) and intends to arrest said Yacht to satisfy such liens and claims.

Facts and figures are as follows:

1. On August 1, 2008, T3 Vistas, LLC, a wholly owned LLC of Richard Strother entered into a contract to purchase from Hylas Yachts, Inc one Twin Wheel Design Hylas 70' Sailing Yacht known as Hull # 7 ("the Agreement"). Pursuant to said Agreement, Plaintiff deposited $320,000 with Hylas Yachts, Inc. sum equal to 20% of the purchase price of Hull # 7. Pursuant to paragraph 7 of said Agreement, a security interest of $320,000 vested to Plaintiff. Hylas Yachts Inc., and/or it's agents, represented that the remaining 80% of the purchase price would be readily available by means of a Preferred First Ship Mortgage to anyone with a FICO or Credit Score above 670.

2. On or about late October, 2009, Hull # 7 was delivered from Taiwan to the East Coast of the USA. It became apparent that 80% Preferred First Ship Mortgage  financing was not available,  No Closing Date was set.

3. On or about November 2, 2009, Hylas Yachts, Inc.,  through its officer Kyle Jackney (hereinafter referred to as "Hylas"), induced Plaintiff to deposit an additional $125,000 representing that such sum would enable the commissioning of Hull # 7 as a completed sailing yacht which would enable said Hull # 7 to be easily sold. Hylas represented that the $125,000 would be repaid upon sale of Hull # 7 and Plaintiff would recoup some

1

$100,000 of the original deposit. Contrary to the purpose of said additional $125,000 payment, Hylas never commissioned Hull # 7, and did put it on the open market. Plaintiff claims an additional $125,000 security interest in Hull # 7 vested to Plaintiff.

4. In addition, Plaintiff had installed $ 14,651 of electronics in Hull # 7, and paid to Hylas an additional $9,793.39 for 2 Simpson Cobra Davits plus $314.16 in related import duties.

5. In Total, Plaintiff claims $469,758.55 in Senior Liens on Hylas 70' Yacht "Vodoo" formerly known as Hylas Hull # 7.

6. If said amount is not paid to Plaintiff in full by the close of business Wednesday, February 15, 2012, Plaintiff intends to seek arrest said vessel and thereafter seek judicial sale of said vessel to satisfy such liens and claims.

Please Act Accordingly:


T3 Vistas, LLC, by Richard Strother
Managing Member
340 Royal Poinciana Way
Ste: 317-203
Palm Beach, FL 33480
561-818-3924
e: ricstro33@yahoo.com

Richard Strother



Sent: By Fax
By e:mail
Registered Mail, Return Receipt Requested

2

# EXHIBIT FIVE

LAW OFFICES

# ALLEY, MAASS, ROGERS & LINDSAY, P.A.

DOYLE ROGERS
ALAN LINDSAY
PAUL B. ERICKSON
DAVID H. BAKER
WILLIAM W. ATTERBURY III
LOUIS L. HAMBY III
ROBB R. MAASS
M. TIMOTHY HANLON
WARREN D. HAYES, SR.
STUART J. HAFT
BRUCE A. McALLISTER

340 ROYAL POINCIANA WAY, SUITE 321

POST OFFICE BOX 431

PALM BEACH, FLORIDA 33480-0431

(561) 659-1770

FACSIMILE (561) 833-2261

RAYMOND C. ALLEY (1893-1975)
HAROLD G. MAASS (1923-2006)
DWIGHT A. MILLER (1945-2010)
KAREN S. MARX (1964-1994)

EDWARD D. LEWIS (OF COUNSEL)

CAROL S. WAXLER
1331 SE OCEAN BOULEVARD
STUART, FLORIDA 34996
P (772) 287-4404
F (772) 287-4044

February 24, 2012

Sergei Szortyka
Quaker Maid Meats
521 Caroll St.
Reading, PA 19611-2010
Fax: 610-376-2678

National Grand Bank
Attention: Ms. Heather Garofalo
91 Pleasant Street
Marblehead, MA 01945
Fax: 781-631-5782
hgarofalo@ngbank.com

Hylas Offshore Yachts
1 Townhouse Square
Marblehead, MA 01945
Fax: 781.639.0216
hylas@hylasyachtsusa.com

      Re:    Hylas 70 Sailing Yacht

To Whom It May Concern:

    Attached please find a copy of a UCC-1 Financing Statement filed pursuant to that certain Confidential Sales Agreement dated August 1, 2008.

    Kindly govern yourself accordingly.

                Very truly yours,

                Alley, Maass, Rogers & Lindsay, P.A.

By:

                Bruce A. McAllister

345425

MA SOC   Filing Number: 201293903030     Date: 2/17/2012 4:27:00 PM

# UCC-1 Form

## FILER INFORMATION

*Full name:*     **BRUCE A. MCALLISTER** *Phone:* **561-659-1770**

## CONTACT INFORMATION

*Contact name:*   **ALLEY, MAASS, ROGERS & LINDSAY, PA**

*Street #1:*   **340 ROYAL POINCIANA WAY, SUITE 321**

*City, State Zip Country:*   **PALM BEACH, FL 33480 USA**

*Notification Method:* **E-MAIL** *Email:* **COURTNEY.LYNE@AMRL.COM**

## DEBTOR INFORMATION

*Org. Name:*   **HYLAS YACHTS, INC.**

*Org. Type:*   **CORP** *Jurisdiction:* **MA** *Org. ID:* **000637637**

*Mailing Address 1:*   **2 MARKET SQUARE**

*City, State Zip Country:*   **MARBLEHEAD, MA 01945 USA**

## SECURED PARTY INFORMATION

*Org. Name:*   **T3 VISTAS, LLC**

*Mailing Address 1:*   **340 ROYAL POINCIANA WAY, #317-203**

*City, State Zip Country:*   **PALM BEACH, FL 33480 USA**

## TRANSACTION TYPE: STANDARD
## AMENDMENT ACTION: INITIAL FILING

## COLLATERAL

One Hylas 70, sailing yacht, Twin Wheel Design, with Shoal Draft keel, designed by German Frers, Constructed by Queen Long Marine Co., Ltd. of Taiwan, R.O.C., Manufacturer's Hull No. 7, including equipment, as identified in that certain Confidential Sales Agreement dated as of 8/1/2008 between Hylas Yachts, Inc. and T3 Vistas, LLC.

# UCC-3 Form - AMENDMENT

*Original File Number:* **201293903030** *Original File Date:* **02-17-2012 03:52 PM**

## ̓ILER INFORMATION

*Full name:* **BRUCE A. MCALLISTER** *Phone:* **561-659-1770**

## ̓ONTACT INFORMATION

*Contact name:* **ALLEY, MAASS, ROGERS & LINDSAY-BAM**

*Street #1:* **340 ROYAL POINCIANA WAY, SUITE 321**

*City, State Zip Country:* **PALM BEACH, FL 33480 USA**

*Notification Method:* E-MAIL *Email:* COURTNEY.LYNE@AMRL.COM

## ̓ECURED PARTY INFORMATION

*Last Name:* **STROTHER** *First Name:* **RICHARD**

*Mailing Address 1:* **340 ROYAL POINCIANA WAY, SUITE 317-203**

*City, State Zip Country:* **PALM BEACH, FL 33480 USA**

**̓RANSACTION TYPE:** STANDARD

**̓MENDMENT ACTION:** SecuredPartyAdd

**̓ustomer Ref:** 31426

JS 44 (Rev. 2/08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

### I. (a) PLAINTIFFS
RICHARD STROTHER
T3 VISTAS, LLC

(b) County of Residence of First Listed Plaintiff  WEST PALM BEACH FL
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard Strother
340 Royal Poinciana Way
Ste 317-203
Palm Beach FL 33480  561-818-3924

### DEFENDANTS
Hylas Yachts, Inc
Richard Jackney, Kyle Jackney
Grand National Bank of Marblehead
John Does 1-5

County of Residence of First Listed Defendant  Essex Co., Mass
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose:   ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☒ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

12 CV 80283  DTKH/JMH

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page:)
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO

JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. Section 1332

CONTRACT, FRAUD, PERSONAL INJURY

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____   DATE 3/13/12

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # FLS9-14   IFP ☐