## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-80283-CV-HURLEY/HOPKINS

**RICHARD STROTHER and T-3**
**VISTAS, LLC,**

      **Plaintiffs,**

**v.**

**HYLAS YACHTS, INC., et al.,**

      **Defendants.**

_____/

### <u>ORDER DISMISSING CASE</u>

**THIS CAUSE** is before the Court upon the upon the parties' responses to the Court's directive to file briefs discussing applicability of the first-to-file rule to this action.  Defendants previously filed a motion to dismiss for improper venue and *forum non conveniens*, which the Court denied.  *See* Order Denying Def.'s Mot. to Dismiss [ECF No. 32].  The motion suggested the potential applicability of the first-to-file rule but discussed this issue with insufficient thoroughness to allow the parties to properly discuss it or to allow the Court to reach a decision.  The Court therefore raised the issue *sua sponte* and provided the parties with notice and an opportunity to submit supplemental briefs, *id.* at 6-7, in a manner analogous to the procedure required for *sua sponte* dismissal under Fed. R. Civ. P. 12(b)(6).  *See Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007).

In light of the parties' briefing, the Court is now able to conclude that the first-to-file rule applies to this action such that the case should be dismissed.

## A.    Background

The Court discussed the background of this case in a prior order.  *See* Order Denying Mot. to Dismiss 1-2 [ECF No. 32].  In brief, Plaintiffs sue for breach of a contract for the construction, delivery, and commissioning of a yacht.  Defendants Hylas Yachts, Inc., Kyle Jackney, and Richard Jackney have sued on the same contract in the federal district court in Massachusetts.[1]  "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).  "The 'first to file' rule is grounded in principles of comity and sound judicial administration. . . . 'The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'"  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)).

When the first-to-file rule is applicable, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the first-to-file rule, judges are afforded "'an ample degree of discretion.'"  *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)).  In order to overcome the presumption favoring the forum of the first-filed suit, the objecting party must "carry the burden

---

[1]The Court takes judicial notice of the Verified Complaint in the Massachusetts action pursuant to Fed. R. Evid. 201(b)(2), *see* Mot. to Dismiss First Am. Compl., Ex. B [ECF No. 30-2], and the Notices of Electronic Filing generated by CM/ECF in that action.  *See* Def.'s Mem. of Law on "First to File Rule," Ex. A [ECF No. 33-2].

of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).

**B.      *Application of the First-to-File Rule***

*1.  The First-Filed Suit*

The Notice of Electronic Filing generated by CM/ECF in the Massachusetts action indicates that it was filed on March 13, 2012 at 11:38 a.m.  Def. Mem. of Law on "First to File Rule," Ex. A [ECF No. 33-2].  While Plaintiff did not specify the time of filing the instant action any more precisely than "before noon" on March 13, 2012, the Court has taken judicial notice of its own docket, which reflects that this action was filed on March, 13, 2012 at 12:36 p.m.  The Court therefore concludes that the Massachusetts action is the first-filed suit and is therefore entitled to a strong presumption favoring  that forum.  *Manuel*, 430 F.3d at 1135.

*2.  Substantial Overlap*

Next, the Court concludes that the instant action and the Massachusetts actions involve overlapping issues and parties. "[A]ll that need be present is that the two actions involve closely related questions or common subject matter . . . . The cases need not be identical to be duplicative." *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). Plaintiff argues that the two actions may not be "mirror images" of one another and that they feature some different causes of action and different parties.  Pl.'s Br. 14-16 [ECF No. 34].  However, Plaintiff concedes that "[a]t the heart of . . . [b]oth [c]ases is of course, the contract claims," and that while the cases are not identical, "breach of contract is the gravamen." *Id.*  Clearly then, substantial

3

overlap exists sufficient to warrant the application of the first-to-file rule. *Manuel*, 430 F.3d at 1135.

### 3. Exceptions to the First-to-File Rule

To overcome the strong presumption in favor the Massachusetts action, Plaintiff must show "compelling circumstances." *Id.* To do so, Plaintiff relies on the anticipatory-suit and bad-faith exceptions. Each exception incorporates similar questions primarily aimed at determining whether the first-filed suit was justifiably filed. *IMS Health, Inc. v. Vality Tech., Inc.*, 59 F. Supp. 2d 454, 463 (E.D. Pa. 1999). Generally speaking, a natural plaintiff should not lose his ability to choose his forum merely because the natural defendants filed suit preemptively. Similarly, parties should not be dissuaded from pre-suit negotiations by fear that the other party will strike first with a law suit.

Mindful of these concerns, the Court finds that neither of Plaintiff's arguments suffice to establish the "compelling circumstances" required to warrant departure from the first-to-file rule. That the parties filed in such close proximity belies the notion that either party was caught unaware by the filing of a suit before an appropriate time to do so. Although Plaintiff has offered evidence that Defendants failed to respond to certain pre-suit communications, this failure alone does not demonstrate bad faith, particularly when, unlike the defendants in *909 Corp. v. Vill of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290 (S.D. Tex. 1990), Defendants in the instant case asserted causes of action for, *inter alia*, fraud and breach of contract rather than simply seeking a declaration that they are not liable for a would-be plaintiff's claims.

### CONCLUSION

In light of the foregoing, the Court concludes that the case is subject to the first-to-file rule and must be left to the district court in Massachusetts. In its discretion, the Court will therefore

Order Dismissing Case
Strother v. Hylas Yachts, Inc.
Case No. 12-cv-80283-DTKH

dismiss this case.  The Court acknowledges that, given the nature of the factual issues presented in

this case, it may be that Florida is indeed a more convenient forum for litigation than Massachusetts.

However, this is a matter that must be decided by the court in which the case was first filed.  *See*

*Save Power*, 121 F.3d at 950.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      This action is **DISMISSED**.

2.      There being nothing further for the Court to resolve, the Clerk is directed to mark this

case **CLOSED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of October,

2012.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record and all pro se parties*

For updated court information, visit unofficial website
at http://www.judgehurley.com